# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2919

_____

Elizabeth L. Gaskins,     *
    *
          Appellant,     *
    *
     v.     *
    *    Appeal from the United States
City of Dubuque, IA and City of     *    District Court for the Northern
Dubuque Government Officials as     *    District of Iowa.
follows: Curt Bailey; James Lembke;     *
Corey Sommer; Pablo Ramirez;     *      [UNPUBLISHED]
Prine, Lieutenant; Terry Lambert,     *
Assistant Chief; John Mauss, Police     *
Chief,     *
    *
          Appellees.     *

_____

Submitted: August 7, 2001

Filed: August 14, 2001
_____

Before BOWMAN, FAGG, and HANSEN, Circuit Judges.
_____

PER CURIAM.

      After Dubuque police arrested bartender Elizabeth L. Gaskins for interfering with a police inspection of the Idle Hour Tavern, Gaskins sued the City of Dubuque and various City officials (collectively the City) under 42 U.S.C. § 1983 for false arrest.

The jury returned a verdict for the City and the magistrate judge[*] denied Gaskins's motion for a new trial. Gaskins now appeals both the jury verdict and the denial of the motion for new trial.

Gaskins argues the jury verdict was against the greater weight of the evidence. We review for abuse of discretion and agree with the magistrate judge there was no miscarriage of justice requiring a new trial. See Dominium Mgmt. Servs. Inc. v. Nationwide Hous. Group, 195 F.3d 358, 366 (8th Cir. 1999). The jury could reasonably find the police had probable cause to believe Gaskins committed a crime when she interfered with the officers' search of the tavern. State and city law requires inspection and the cooperation of the tavern owners and their employees. See Iowa Admin. Code r. 185-4.7(2). Although the police reports state Gaskins was arrested for refusing to provide her home address, the officers testified that Gaskins also used profanity and physically blocked officers' access during the inspection. The jury was properly tasked with deciding which version of the facts was more credible and clearly believed the City. See Kelly v. Armstrong, 206 F.3d 794, 800 (8th Cir. 2000). We find evidence sufficient to support the jury's verdict and no abuse of discretion in denying Gaskins's motion for a new trial.

Gaskins also argues the jury was improperly instructed that she was required to provide her name to police officers. We review for abuse of discretion and conclude the instruction fairly and adequately submitted the issues in this case to the jury. See Otting v. J.C. Penny Co., 223 F.3d 704, 712 (8th Cir. 2000). Although Iowa law holds a person cannot be required to show identification to the police absent special circumstances, including suspicion of the person's involvement in a crime, see State v. Hauan, 361 N.W.2d 336, 340-41 (Iowa Ct. App. 1984), tavern owners and their

---

[*] The Honorable John A. Jarvey, United States Magistrate Judge for the Northern District of Iowa, presiding with the consent of the parties under 28 U.S.C. § 636(c) (1994 & Supp. 1998).

employees have an affirmative duty to cooperate with police inspection, <u>see</u> Iowa Admin. Code r. 185-4.7(2). The magistrate judge did not abuse his discretion by ruling cooperation with inspection includes identifying oneself. Thus, we affirm. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.